Pascale v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 00484)





Matter of Pascale v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 00484


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5529 154424/16

[*1]In re Joseph Pascale, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Sokolski & Zekaria, P.C., New York (Greg Caso of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Scott A. Eisman of counsel), for respondents.



Judgment, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered September 28, 2016, denying the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated June 19, 2015, which denied petitioner's application for tenancy succession rights, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to timely appeal respondent Southbridge Towers, Inc.'s denial of his application for succession rights (see 9 NYCRR 1727-8.4[c] [30-day limit]). He waited until 234 days after he had received Southbridge's second denial letter and nearly three years after the first denial letter. The untimeliness of petitioner's appeal constitutes a failure to exhaust administrative remedies, which precludes petitioner's subsequent article 78 proceeding (Matter of Ross v DHCR, 125 AD3d 434 [1st Dept 2015]).
Petitioner also failed to timely commence this article 78 proceeding, waiting until nearly a year after DHCR issued its final determination (see CPLR 217[1] [four-month limit]). Petitioner's claim that he did not receive DHCR's final determination because the determination showed an address for his attorney that was not valid is undermined by the fact that the notice of entry of the determination showed counsel's correct address.
In any event, the stipulation of settlement in the holdover proceeding, which required that the subject apartment be surrendered no later than May 31, 2016, renders this proceeding moot. Petitioner contends that he was not bound by the settlement because the attorney who signed it represented his son only. However, the caption of the proceeding includes both petitioner and his son, and the attorney, who also represented petitioner in his claim for succession rights, entered a notice
of appearance on behalf of petitioner. On its face the stipulation applies to both petitioner and his son, and the attorney signed it on behalf of both of them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK